IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James M. Gregg, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:07-cv-1213 |
| | : | JUDGE SMITH |
| Ohio Department of Youth Services, et al. | : | |
| Defendants. | : | |

ORDER

On July 9, 2008, plaintiff James M. Gregg moved to amend the complaint. He proposed three amendments; defendants oppose only one. Consequently, the Court must decide if Mr. Gregg should be allowed to amend his complaint to allege his claims against defendant Thomas Stickrath, the Director of the Ohio Department of Youth Services, in both his official and individual capacities. For the following reasons, the motion will be granted.

I.

Mr. Gregg's complaint alleges generally that while he was confined in a DYS facility in Scioto County, he was assaulted without provocation by a number of DYS employees, and injured so severely that he had to be taken to an emergency room for treatment. Although Director Stickrath was not present when the alleged assault occurred, Mr. Gregg claims that the Director was deliberately indifferent to his well-being because he had not provided adequate training to the defendants responsible for the assault and because he knew there was a history of unprovoked staff violence at that facility. The amended complaint seeks to have Director Stickrath held liable not only in his official capacity, but in his individual capacity as well.

II.

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir.1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir.1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir.1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among

-2-

other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir.1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantial different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

III.

Defendants oppose the motion for leave to amend on a single ground. They assert that the complaint fails to state a viable constitutional claim against Director Stickrath. According to defendants, "the allegations [of paragraph 29 of the proposed amended complain] are conclusory in nature and do not adequately allege constitutional violations." Opposing memorandum, at 3. Citing to Terrance v. Northville Regional Psychiatric Hospital, 286 F.3d 834 (6th Cir. 2002) and to Elliott v. Perez, 751 F.3d 1472 (5th Cir. 1985), defendants argue that the Sixth Circuit Court of Appeals requires that a constitutional claim against a state government official is insufficient if the material facts

-3-

underlying the claim are not pleaded with particularity.

As Mr. Gregg notes in the reply, <u>Elliott</u> is actually a decision from the Fifth Circuit Court of Appeals, although defendants' memorandum identifies it as a Sixth Circuit case. <u>Elliott</u> may still be good law in the Fifth Circuit as it relates to a "heightened" standard of pleading in cases brought against government officials in their individual capacities, <u>see Schultea v. Wood</u>, 47 F.3d 1427 (5th Cir. 1995)(en banc), but the existence of such a rule in this Circuit is far from clear. <u>See, e.g. Currier v. Doran</u>, 242 F.3d 905, 915 n.5 (10th Cir. 2001) (discussing various Sixth Circuit cases interpreting <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163 (1993) and <u>Crawford-El v. Britton</u>, 523 U.S. 574 (1998), both of which are critical of efforts to impose a pleading standard in civil rights cases that goes beyond notice pleading as permitted by Fed.R.Civ.P. 8(a)). <u>Terrance</u>, although it recites that the Sixth Circuit (in cases that predate both <u>Leatherman</u> and <u>Crawford-El</u>) has adopted the <u>Elliott</u> standard, is actually a summary judgment decision, and the Court of Appeals rested its affirmation of the dismissal of a number of defendants on the finding that there were no issues of material fact as to those defendants' liability. The court concluded by holding that "*under the facts of this case*, we find that the conduct of [certain defendants] does not support a finding of deliberate indifference. Accordingly, we affirm the district court's *order of summary judgment* in favor of these defendants on the Eighth Amendment claim." <u>Id</u>. at 847 (emphasis supplied). Thus, it does not really resolve the conflict noted in <u>Currier</u> as to the state of the law of "pleading with particularity" in this Circuit.

Heightened pleading standards have not fared well in the United States Supreme Court. In addition to <u>Leatherman</u> and <u>Crawford-El</u>, the court recently rejected such a standard in cases where the Prison Litigation Reform Act requires a plaintiff to exhaust administrative remedies, holding that there is no basis

for concluding that such a plaintiff is also required to plead and prove exhaustion at the complaint stage of the case.  See Jones v. Bock, 549 U.S. 199 (2007).  See also Goad v. Mitchell, 297 F.3d 497 (6th Cir. 2002) (rejecting heightened pleading standard in cases involving a defense of qualified immunity, following Crawford-El).  The Court concludes that heightened pleading is not required here.

Of course, that does not necessarily end the inquiry.  A plaintiff must still do more than plead empty allegations devoid of any facts.  In a civil rights case, the plaintiff must still "allege that a specific defendant performed a specific act that suffices to state a claim."  Kesterson v. Moritsugu, 1998 WL 321008, *4 (6th Cir. June 3, 1998).  Here, Mr. Gregg has pleaded enough facts to satisfy this standard.  One can infer from the complaint, construing it in his favor, that Director Stickrath knew of a history of violence at the Scioto facility and knew it resulted from a failure to train staff, but chose to do nothing about it, all of which led to the assault on Mr. Gregg.  That may or may not be true, but based on the amended complaint Mr. Gregg is entitled to an opportunity to try to prove it.

                                IV.

Based on the foregoing, plaintiff's motion for leave to file an amended complaint (#22) is granted.  The Clerk shall detach and file the amended complaint attached to the motion.

                                    /s/Terence P. Kemp
                                    United States Magistrate Judge